UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Quadre Stuckey, <br><br> Plaintiff, <br><br> v. <br><br> Smyrna Ready Mix Concrete, LLC, <br><br> Defendant. | CASE NO.: 2:24-cv-05623-DCN-MHC <br><br><br> COMPLAINT <br> (Jury Trial Requested) |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial discrimination and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notification of the Right to Sue was received from SCHAC on or about July 12, 2024.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Quadre Stuckey, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Dorchester, State of South Carolina.

5. The Defendant, Smyrna Ready Mix Concrete, LLC, is upon information and belief, a foreign corporation organized in the State of Tennessee and operating and doing business in under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 7, 2023, Plaintiff (African American) began working for Defendant as a mixer operator driver. At all times, Plaintiff was effective and efficient in his employment.

11. During Plaintiff's employment, Plaintiff was subjected to racial discrimination by his supervisor, Matt Gornichec, and a maintenance mechanic, Mark Lyon, and inappropriate sexual comments by Defendant's customer's employee, Doug.

12. Mr. Gornichec would constantly call Plaintiff "boy" and "colored." Moreover, on the scheduling board Mr. Gornichec would write Plaintiff in as "dark rider."

13. The Plaintiff was also given trucks that were not safe. On or about September 7, 2023, Plaintiff requested Mr. Lyon to repair his truck, but instead he was subjected to racial slurs, and told that the mechanics have more important things to do

14. Doug would constantly say that Plaintiff and another male co-worker were sexual partners and part of the LGBTQ community and would make sexual comments verbally towards Plaintiff. Plaintiff would constantly tell him to stop, but he never did.

15. Plaintiff reported the racial discrimination and sexual harassment to Julie Robertson, Human Resources, but nothing was done.

16. On or about November 27, 2023, Plaintiff's truck had mechanical problems, causing it to roll onto its side, injuring the Plaintiff.

17. Plaintiff immediately contacted Mr. Gornichec to report the incident, and that he was involved, therefore initiating a workers' compensation claim.

18. The Plaintiff was transported to hospital via EMS, and was diagnosed with injuries to his neck, back, right arm, and chest.

19. On November 29, 2023, after the complaints of racial discrimination and sexual harassment, as well as the filing of a workers' compensation claim, Plaintiff was terminated.

20. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

21. Despite his reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff for the inappropriate behavior upon him.

22. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior, including sexual harassment.

23. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

24. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**Title VII of Civil Rights Act of 1964 – Sexual Harassment**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. Defendant, as Plaintiff's employer, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual comments that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Doug to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

27. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered mental injuries.

28. As a direct and proximate result of the acts and practices of Defendant in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A SECOND CAUSE OF ACTION**
**Title VII of Civil Rights Act of 1964 - Racial Discrimination**

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

31. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to his race, color or national origin;

   b. In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

   c. In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors.

32. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

33. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

34. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

35. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

36. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

37. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A THIRD CAUSE OF ACTION
### Title VII of Civil Rights Act of 1964 - Retaliation

38. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

39. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions. Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, and sexual harassment, Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

40. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

41. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

42. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

43. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A FOURTH CAUSE OF ACTION
### Retaliation 41-1-80

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Plaintiff's treatment, in fact, was retaliatory in nature for Plaintiff's instituting, or causing to be instituted, a workers' compensation claim and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

46. Plaintiff's institution, or causing to be instituted, of a worker's compensation claim was a substantial factor in the Defendant terminating him.

47. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

48. By reason of such wrongful and retaliatory treatment by Defendant, its agents and employees, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

49. Due to the acts of Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits and lost opportunity, reinstatement of benefits, and front pay.

50. Due to the acts of Defendant, its agents and/or employees, Plaintiff is entitled to an equivalent amount of pay that he was regularly getting before his injuries through, back wages and bonuses from the date of his retaliation to the present date, front pay for wages, wages he will lose in the future, and past and future benefits.

## **REQUEST FOR RELIEF**

51. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

52. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

53. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
October 7, 2024